IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINIQUE JORDAN, *Relator* | : : : | CIVIL ACTION |
| v. | : : | NO. 17-4020 |
| STAFFING PLUS, Defendant | : : | |

FILED
OCT 03 2017
KATE BARKMAN, Clerk
By_____ Dep. Clerk

**MEMORANDUM**

RUFE, J. ~~SEPTEMBER~~ October 3, 2017 , 2017

Plaintiff Dominique Jordan brings this civil action against Staffing Plus, his former employer, based on allegations of employment discrimination. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint without prejudice to him filing an amended complaint.

**I.   FACTS**

Plaintiff was employed by Staffing Plus until his termination on March 29, 2017. By marking the appropriate locations on the Court's form complaint, plaintiff indicates that his former employer violated Title VII, 42 U.S.C. § 2000e. He also asserts claims pursuant to 42 U.S.C. § 1981. His claims against Staffing Plus are based on the following allegations:

> WRONGFUL TERMINATION, STAFF PLUS wrongfully terminated Aggrieved PARTY not based off performance but because of false arrest, Negative News Article stemmed from assumption. No Facts. STAFFING PLUS did not do own investigation. Also Breach Of CONTRACT. (A Injury). Unlawful Terminated aggrieved party Based off hearsay.

(Compl. ¶ II.E.) He seeks $300,000 in damages pursuant to 42 U.S.C. § 1981. (Compl. ¶ IV.)

ENTERED
OCT 04 2017
CLERK OF COURT

1

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears he is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Title VII prohibits an employer from discriminating against an employee based on race. *See* 42 U.S.C. § 2000e-2(a). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, he still must "put forth allegations that raise

a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

Section 1981 prohibits race-based impairment of an individual's right to make and enforce contracts, or more specifically "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *See* 42 U.S.C. § 1981(a),(b),(c). "Ordinarily, to establish a basis for relief under section 1981 a plaintiff must show (1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981." *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 797 (3d Cir. 2010) (quotation omitted).

By checking the appropriate locations and by referencing 42 U.S.C. § 1981 on the Court's form complaint, plaintiff indicated that he is raising race discrimination claims under Title VII and § 1981. However, plaintiff does not allege his race or provide any facts to support his allegation that his employer's decision to terminate him was based on his race, or that any interference with an employment contract between him and Staffing Plus occurred because of his race. Accordingly, he has not stated a claim under the federal statutes prohibiting employment discrimination. *See Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588–89 (3d Cir. 2010) (per curiam). Although the complaint does not state a claim as currently pled, the Court will give plaintiff leave to file an amended complaint in the event that he can cure the above deficiencies. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

### IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed without prejudice to his filing an amended complaint. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINIQUE JORDAN,<br>*Relator* | : | CIVIL ACTION |
| v. | : | |
| STAFFING PLUS,<br>Defendant | : | NO. 17-4020 |

FILED OCT 03 2017
KATE BARKMAN, Clerk
By_____ Dep. Clerk

**ORDER**

AND NOW, this 3rd day of ~~September~~ October, 2017, upon consideration of plaintiff's motion to proceed *in forma pauperis* and his *pro se* complaint, it is ORDERED that:

1. Leave to proceed *in forma pauperis* is GRANTED.

2. The complaint is DISMISSED without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons stated in the Court's Memorandum.

3. Plaintiff is given leave to file an amended complaint within thirty (30) days of the date of this Order. Upon the filing of an amended complaint, the Clerk shall not make service until so ORDERED by the Court. If plaintiff fails to file an amended complaint, his case may be dismissed for failure to prosecute without further notice.

ENTERED
OCT 04 2017
CLERK OF COURT

BY THE COURT:

/s/ Cynthia M. Rufe
CYNTHIA M. RUFE, J.