# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOMINIQUE JORDAN,
           Plaintiff,

v.

STAFFING PLUS, INC.,
           Defendant.

Civil Action No. 17-4020

## MEMORANDUM OPINION

Rufe, J.                                                                                                                June 20, 2018

Plaintiff Dominique Jordan filed this suit asserting race discrimination under 42 U.S.C. § 1981 and other claims after Defendant Staffing Plus, Inc. terminated his contract in the wake of negative news coverage of his arrest. Defendant has moved to dismiss the discrimination claim for failure to state a claim and the remaining claims for lack of subject matter jurisdiction. Because Plaintiff has not alleged sufficient facts to show that he was terminated because of his race, and because the Court declines to exercise supplemental jurisdiction over his remaining claims, Defendant's motion will be granted.

## I.     BACKGROUND

The following facts alleged in the Amended Complaint[1] are assumed to be true, unless otherwise stated, for purposes of the motion to dismiss. Plaintiff Dominque Jordan worked for Defendant Staffing Plus as an independent contractor.[2] At some point in time, Plaintiff was arrested, and although the charges were later dropped, Defendant terminated Plaintiff soon after the arrest was reported in local news media without investigating the media accounts or giving Plaintiff an opportunity to respond. Plaintiff alleges that he would not have been terminated

---

[1] After the Court issued an initial dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and granted Plaintiff leave to amend his Complaint, Plaintiff, who is proceeding *pro se*, filed a "Rule 15 B FRCP Corrected Short Plain Statement of Facts" (Doc. No. 5), which the Court construes to be Plaintiff's Amended Complaint.

[2] The Amended Complaint does not identify the specific nature of Plaintiff's work.

under these circumstances if he was "pale skinned or Caucasi[a]n," and that he was terminated because Defendant wrongly classified him as "black."[3]

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of any claim over which the district court lacks subject matter jurisdiction.[4] When considering a 12(b)(1) motion, the court "review[s] only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court."[5] When subject matter jurisdiction is challenged under 12(b)(1), the plaintiff must bear the burden of persuasion.[6]

### B. Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[7] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[8] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[9] Something more than a mere *possibility* of a claim must be alleged; a

---

[3] Am. Compl. 2, 3.

[4] Fed. R. Civ. P. 12(b)(1).

[5] *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994) (citation omitted).

[6] *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[8] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[9] *Twombly*, 550 U.S. at 555, 564.

plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[10] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[11] In deciding a motion to dismiss, courts may consider "only allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."[12]

### III. DISCUSSION

#### A. Claim One (Discrimination)

An independent contractor may bring a cause of action under 28 U.S.C. § 1981 for discrimination occurring within the scope of the independent contractor relationship.[13] In order to state a claim for relief under § 1981 based on race, a plaintiff must allege facts in support of the following elements (1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts . . . ."[14] Thus to succeed in pleading his wrongful termination claim under § 1981, Plaintiff must allege sufficient facts to demonstrate that his termination was the result of intentional racial discrimination by Defendant.

Here, Plaintiff has not alleged any specific facts that demonstrate his contract was terminated because of his perceived race. The Amended Complaint does not identify any pattern

---

[10] *Id.* at 570.

[11] *Id.* at 562 (internal quotation marks and citation omitted).

[12] *Pension Ben. Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Brown v. Daniels,* 128 F. App'x. 910, 913 (3d Cir. 2005) (quoting *Lum v. Bank of America,* 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

[13] *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181-82 (3d Cir. 2009).

[14] *Brown v. Phillip Morris, Inc.,* 250 F.3d 789, 797 (3d Cir. 2001) (citations and alterations omitted). When an independent contractor alleges wrongful termination of a contractor relationship, the substantive elements of a claim under section 1981 are generally identical to the elements of an employment discrimination claim under Title VII. *Brown*, 581 F.3d at 181-82.

of racially derogatory statements or discriminatory comments made by Defendant. Nor has Plaintiff alleged that any lighter-skinned contractors were treated more favorably by Defendant than he was after they were arrested or became the subject of negative media attention. Plaintiff relies solely on his own bare assertion that "they would not have done that if I was a pale skinned or Caucasi[an]."[15] Courts have repeatedly held that such bare assertions of subjective belief are insufficient to establish an inference of discrimination.[16] Accordingly, Defendant's motion to dismiss will be granted with respect to Plaintiff's discrimination claim under § 1981.

### B. Claims Two through Four

Once a district court has dismissed all federal claims in a case, the court may, at its discretion, decline to exercise jurisdiction over remaining claims.[17] The Court of Appeals for the Third Circuit has stated that "in the absence of extraordinary circumstances," a district court should refrain from exercising jurisdiction when all federal claims have been dismissed.[18]

Here, in addition to Plaintiff's § 1981 claim, which will be dismissed, the Amended Complaint includes three other claims for "breach of contract," "sustained failure of good faith and fair dealings," and "discrimination conduct based off negative publicity" that do not arise under federal law. Defendant moves to dismiss these claims for lack of subject matter

---

[15] *Id.*

[16] *See, e.g., Groeber v. Friedman & Schuman, P.C.*, 555 F. App'x 133, 135 (3d Cir. 2014) ("[The Plaintiff's] subjective believe that race played a role in these employment decisions, however, is not sufficient to establish an inference of discrimination . . . ."); *Truong v. Dart Container Corp.*, No. Civ.A.09–3398, 2010 WL 4237944, at *3 (E.D. Pa. Oct. 26, 2010) (granting Rule 12(b)(6) dismissal where plaintiffs' bald assertions that "Defendant Dart Container discriminated against the plaintiffs and treated them differently, disparately, wrongfully suspended, and wrongfully discharged them because of their common native language, Vietnamese, their Asian race, color, ethnicity and Vietnamese nationality. Defendant has a pattern and practice of disparate treatment and discrimination against nonwhite employees (because of their race, color, ethnicity, and/or nationality)" were nothing more than conclusory statements devoid of any actual underlying facts suggesting that their terminations had anything to do with race or national origin).

[17] 28 U.S.C. § 1367(a),(c).

[18] *Angeloni v. Diocese of Scranton*, 135 Fed. App'x 510, 515 (3d Cir. 2005); *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1976).

jurisdiction. Because the Court is not aware of any "extraordinary circumstances" that justify retaining jurisdiction over these claims after dismissing Plaintiff's § 1981 claim, Defendant's motion to dismiss will be granted with respect to Claims Two through Four of the Amended Complaint. To the extent Plaintiff can state viable claims under state law, he may assert them in state court.

### C. Amendment

In civil rights cases, "district courts must offer amendment—irrespective of whether it [was] requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."[19] In this case, however, Plaintiff has already amended once with the benefit of the Court's earlier opinion dismissing his original complaint, and has still failed to allege any facts supporting his discrimination claim beyond bare assertions. Thus, leave to further amend would be futile.

An order follows.

---

[19] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).